## Richmond

E. L. Baker and J. H. White, Trading Etc., Et Al. v. J. Arthur Hodges, Sheriff, Etc.

November 28, 1960.

Record No. 5151.

Present, All the Justices.

The opinion states the case.

*William T. Parker*, for the appellants.

*Peter M. Axson, Jr.*, for the appellee.

Buchanan, J., delivered the opinion of the court.

The appellants, E. L. Baker and J. H. White, trading as Portsmouth Cab Company, filed in the court below their bill against the sheriff of Norfolk county, complaining that the sheriff was arresting the drivers of their taxicabs under an ordinance of the county which they alleged in effect to be invalid. They prayed for an adjudication of their rights. The sheriff answered that he was acting pursuant to a valid ordinance. It was agreed before the trial court that the only issue in the case was whether the county had a right to require by ordinance that taxicab operators who picked up passengers in the

county and delivered them in the county must first obtain a certificate of public convenience and necessity from the board of supervisors.

By the decree appealed from, and after hearing evidence *ore tenus*, the court below held that the appellants were required to have a certificate of public convenience and necessity, as required by said ordinance, before operating taxicabs in Norfolk county.

The county ordinance, according to quotations from it in the record as made by appellants' counsel, which is all that is before us, provides that any person desiring to operate a taxicab within the county shall make application to the board of supervisors, or its agent, for a certificate of public convenience and necessity, giving specified information about himself and his vehicle; and no such certificate shall be granted to a person under eighteen, or to a person who, in the opinion of the board, is not morally or mentally fit to receive it, or who has been a repeated and persistent violator of the traffic safety laws and ordinances.

The appellants contend that the county was without authority to enforce the ordinance against them because they were the holders of a permit issued to them by the State Corporation Commission pursuant to § 56-291.1 of the Code. That section provides that it shall be unlawful for a taxicab to operate on any public highway in the State outside of incorporated cities or towns "except as otherwise provided in subsection (2) of § 56-274," without first obtaining a permit from the State Corporation Commission; provided, however, that the Commission shall issue such permit to any person who, on June 29, 1948, had been operating a taxicab service on such public highways for a period of at least six months.

This section was part of chapter 489 of Acts of Assembly of 1948, at page 979. The county ordinance was enacted in 1944, and the appellants were operating taxicabs at that time. One of them testified that they had been operating for twenty years prior to the bringing of this suit. They held a permit issued to them by the Commission as provided by § 56-291.9, which by its terms was "a PERMIT for the transportation of Passengers by Motor Vehicles on the highways of the Commonwealth for Taxicab operation". Appellants contend that they are entitled to conduct their operations under this permit and that the county has no legal authority to require them to obtain from it a certificate of public convenience and necessity. A consideration of the relevant statutes refutes this contention.

Said §§ 56-291.1 and 56-291.9 are part of chapter 12 of Title 56

of the Code. Chapter 12 deals with "Motor Vehicle Carriers Generally". Section 56-291.1 is in article 4.1 of said chapter, dealing with "Taxicabs Generally". That section, as noted above, requires a permit from the Commission "except as otherwise provided in subsection (2) of § 56-274". Section 56-274 is in the same chapter 12 and expressly provides that "This chapter shall not be construed to include" taxicabs [subsection (2)] "while operating in a * * county which has or adopts an ordinance regulating and controlling taxicabs * *;" but each operator of a taxicab "shall file [with the Commission] insurance as required under § 56-299," unless the operator can show the Commission that he is a self-insurer under an ordinance of the city or county where the home office of the operator is located.

At the time of the enactment of § 56-291.1 in 1948 Norfolk county had the ordinance above referred to, adopted in 1944, "regulating and controlling taxicabs" [§ 56-274 (2)] to the extent of requiring a certificate of public convenience and necessity; and hence by the very terms of § 56-274 the provision of § 56-291.1, requiring a permit from the Commission, had no application to taxicabs operating in Norfolk county.

Not only so, but Norfolk county is one of the counties described in § 56-291.4, in article 4.2 of chapter 12, dealing with "Taxicabs in Certain Counties and Towns," and § 56-291.7 in that article provides that the board of supervisors of such county may regulate the rates and charges of any motor vehicle used for the transportation of persons for pay on any road in the county, and may prescribe such reasonable regulations as to filing schedules of rates, charges, "and the general operation of such vehicles, as it deems proper". This statute was part of chapter 45, page 41, Acts of Assembly. Extra Session, 1944-45, entitled "An ACT to provide for the regulation by certain counties and towns of taxicabs * *".

Also, § 56-291.6 in said article 4.2 provides that the board of supervisors of such county (as Norfolk county) may prescribe such reasonable regulations as to the character and qualifications of operators of taxicabs as the board may deem proper. Companion § 56-291.8 provides that every owner or operator of a taxicab who violates any provision of article 4.2 or regulation of the board made pursuant thereto, shall be guilty of a misdemeanor and punished as prescribed.

Section 46.1-353, in chapter 5 of Title 46, dealing with operators' and chauffeurs' licenses, provides that cities, towns and counties "which have now in force or hereafter adopt regulations for the licensing of drivers of taxicabs * * and for the control of the opera-

tion of such for hire vehicles may impose and enforce regulations in addition to the provisions of this chapter".

In addition, Norfolk county is one of the counties described in § 15-10 of the Code, which provides that such counties "are hereby vested with the same powers and authority as the councils of cities and towns by virtue of the Constitution of the State of Virginia or the acts of the General Assembly passed in pursuance thereof;" with certain limitations not here applicable.

In *Kizee* v. *Conway*, 184 Va. 300, 35 S. E. 2d 99, we dealt with an ordinance of the city of Danville which prohibited the operation of taxicabs in the city unless and until a " 'certificate of public convenience and necessity and a license therefor' had been issued to the owner of the vehicle, and unless and until certain other prescribed conditions, regulations and restrictions had been complied with". (184 Va. at 302, 35 S. E. 2d at 100).

In the course of the opinion, written by the present Chief Justice, affirming the holding of the trial court that the city council was within its rights in denying permits to the petitioners in that case, the general principle, established by the cases there cited, was repeated that the right to use the streets of a city as a carrier for hire is a privilege and not an inherent right, and may be granted or refused by the city, in the exercise of its police power, at its pleasure; and

"Furthermore, the ordinance, in express terms, prohibits the operation of for-hire vehicles on the city's streets unless and until a certificate of public convenience and necessity and a license therefor have been issued to the owner of the vehicle by the city council. This prohibition is clearly severable from the administrative provisions of which the plaintiffs in error complain, and even if the latter were constitutionally defective, under well-settled principles the prohibition would stand. * *." (184 Va. at 309, 35 S. E. 2d at 103).

It is clear that the county of Norfolk had the right to require the appellants to obtain a certificate of public convenience and necessity before operating taxicabs in Norfolk county, as provided by its ordinance, and the decree of the court below so holding is accordingly

*Affirmed.*